FRANCES S. ANDERSON, EXECUTRIX, ETC., PLAINTIFF-APPELLANT, v. AARON K. NEELD, ACTING DIRECTOR, DIVISION OF TAXATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1951—Decided November 15, 1951.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Carl Abruzzese* argued the cause for the appellant.

*Mr. William A. Moore,* Deputy Attorney-General, argued the cause for the respondent (*Mr. Theodore D. Parsons,* Attorney-General, attorney).

PER CURIAM. The executrix appeals from the assessment of the inheritance tax. The only question is the value of shares of the common stock of West Side Lumber Company, of which decedent owned 600 out of a total 15,000 shares outstanding. Since there had been no sales of the stock which established its value, the Acting Director of the Division of Taxation based his appraisal on data furnished by the executrix.

The company is engaged in the business of selling lumber which it cuts from its own lands. When the timber is all cut the company must go out of business unless it obtains a new supply. The taxpayer contends that the director did not give enough effect to the wasting nature of the business. We find to the contrary.

Testatrix died December 11, 1949. In the three fiscal years ending February 28, 1950, annual dividends averaged

$33 a share, or seven per cent on $470. In the same period, annual net profit for common stock per share was $49 which, capitalized at percentages varying from 10 to 15, gives a value between $326 and $490 a share. Book value per share February 28, 1950, was $172.28. No good will is included in the figure. In the balance sheet, standing timber, plant and equipment, after depletion and depreciation, stood at $603,391. The same items three years earlier had been $998,713, thus indicating that the principal wasting assets were being amortized at an average of $130,000 a year, and that they would be entirely written off in less than five years.

The Tax Division regarded the value of the stock obtained by capitalizing dividends or net profits as too high, mainly because of the wasting character of the company, and accepted the book value of $172.28 as the true value of the stock. The Division considered that liquidating losses and expenses would be offset by excess earnings during the years now remaining of the company's life.

The director's appraisal of the stock was fully justified by the record.

Affirmed with costs.